IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE DE LA GARZA LAW FIRM, P.C. § <br> § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> DEBRA MERCER-ERWIN, § <br> § <br> DEFENDANT. § | No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Plaintiff, The De La Garza Law Firm, P.C., a Texas professional corporation ("Law Firm"), seeking the Court's declaration regarding funds held in an attorney trust account in a dispute with Defendant Debra Mercer-Erwin ("Mercer-Erwin"). Law Firm respectfully shows the Court as follows:

**INTRODUCTION**

1.  This case arises from a disagreement regarding Ninety Thousand Dollars ("$90,000") provided to Law Firm as a retainer to obtain the professional services of Attorney Rafael de la Garza to assist with the criminal defense of Mercer-Erwin in a case pending in the Sherman Division of the United States District Court for the Eastern District of Texas. Mercer-Erwin's lead counsel, John Coyle, engaged Law Firm and forwarded the retainer. A disagreement arose regarding the defense and John Coyle was terminated. Plaintiff Law Firm was terminated as well. Defendant demanded that all funds received by Law Firm through John Coyle would be returned to her. Plaintiff seeks to apply the money as compensation for work done on Defendant's case. This action is brought under the Court's diversity jurisdiction, and Plaintiff seeks a

declaration pursuant to 28 U.S.C. § 2201 to instruct Law Firm how to apply the retainer. The parties tried unsuccessfully to resolve the dispute regarding the payment of the funds, so Law Firm was left with no choice but to file this suit to obtain the Court's guidance.

## THE PARTIES

2. Plaintiff, The De La Garza Law Firm, P.C., is a corporate citizen of the State of Texas. It is a professional corporation duly organized and existing under Texas law. Law Firm has its principal office in Texas. Plaintiff may be contacted through its undersigned counsel.

3. Defendant Debra Mercer-Erwin is a citizen of the State of Oklahoma. She may be served at her business address, which is 928 SW 107th St., Oklahoma City, Oklahoma 73170, or wherever she may be found.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 (a)(1) because Plaintiff Law Firm and Defendant Mercer-Erwin are citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Mercer-Erwin because she is being prosecuted for multiple felonies in the Eastern District of Texas and Law Firm provided legal services in said district. Moreover, this Court has personal jurisdiction over Mercer-Erwin, who has been accused of committing unlawful acts in the Eastern District of Texas.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the dispute between the parties occurred in the Eastern District of Texas.

## FACTS

7. Plaintiff, The De La Garza Law Firm, P.C., is a Texas professional corporation.

Attorney Rafael de la Garza is a resident of Plano, Collin County, Texas. He is the owner of Law Firm and is licensed to practice law in the State of Texas. Further, he is Board Certified in Criminal Law by the Texas Board of Legal Specialization

8. On or about September 10, 2020, Defendant Debra Mercer-Erwin was indicted in the Eastern District of Texas for multiple felonies (4:20-cr-00212-ALM-KPJ). The alleged felonies include: (Count 1) Violation of 21 U.S.C. § 846 (Conspiracy to Manufacture and Distribute Cocaine); (Count 2) Violation of 21 U.S.C. § 963 (Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States); (Count 3) Violation of 21 U.S.C. § 959, 18 U.S.C. § 2 (Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States); (Count 4) Violation of 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering); (Count 5) Violation of 18 U.S.C. § 371 (Conspiracy to Commit Export Violations); and (Count 6) Violation of 18 U.S.C. § 371 (Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation in violation of 49 U.S.C. § 46306). Substantial penalties may be imposed upon a person convicted for committing such crimes, which include criminal forfeiture, fines, and incarceration.

9. John Coyle is an attorney licensed and practicing in the State of Oklahoma. Until his services were terminated, Mr. Coyle provided legal defense services for Mercer-Erwin. John Coyle added Rafael de la Garza to assist in the defense of Mercer-Erwin.

10. On behalf of Mercer-Erwin, Mr. Coyle provided the sum of $90,000 to Plaintiff as a retainer. Rafael de la Garza began working on the case in December of 2020 and entered an appearance as counsel on February 3, 2021. In 2022, John Coyle was terminated by Mercer-Erwin

and, as a result, the services of Law Firm were discontinued as well. Rafael de la Garza withdrew as counsel. The Court's order discharging him was entered on May 13, 2022.

11.    Mercer-Erwin demanded a return of all monies provided for her defense. Law Firm remitted $15,000 to Mr. Coyle to deliver to Mercer-Erwin. The $15,000 sum was part of the $90,000 payment to Plaintiff Law Firm, which was deposited to Law Firm's client trust account. It was thought that a $15,000 refund would be sufficient to resolve the instant dispute.

12.    Mercer-Erwin did not cash the check Mr. Coyle presented to her that included the $15,000, so he eventually stopped payment.

13.    Attorney Coyle, at the time of this filing, is in possession of $15,000 that was provided by Plaintiff as part of the funds obtained from Mercer-Erwin, and he will remit the funds he holds in accordance with the resolution of this matter. Plaintiff Law Firm holds the remining $75,000 in its client trust account.

14.    Law Firm seeks to disburse the $75,000 from the client trust account and to provide instructions to Mr. Coyle regarding the remaining $15,000. Both Law Firm and Mercer-Erwin assert rights to the funds and no agreement has been reached regarding their disposition. Thus, it is necessary to seek the Court's intervention.

15.    Attorney Rafael de la Garza provided valuable services through Law Firm and the full amount of the $90,000 retainer has been earned. Law Firm seeks payment.

## DECLARATORY JUDGMENT

16.    Law Firm seeks a declaration pursuant to 28 U.S.C §2201 that it should receive the $90,000 retainer amount.

17.    In relevant part, § 2201(a) states:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other

legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. A declaration that Law Firm shall receive the sum of $90,000 from the retainer funds previously advanced by Mercer-Erwin; and

2. An award to Law Firm of all costs, attorneys' fees and further relief as may be proper pursuant to 28 U.S.C. § 2201.

.

Dated: _____, 2022

By: /s/ *Bryan H. Burg*

Bryan H. Burg
Texas Bar No. 03374500
SIEBMAN LAW
4949 Hedgcoxe Road, Suite 230
Plano, Texas 75024
214-387-9100
214-387-9125 Telefax
bryanburg@siebman.com

ATTORNEY FOR PLAINTIFF,
THE DE LA GARZA LAW FIRM, P.C.